**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Elmer Enrique MARQUEZ–FLORES, Defendant–Appellant.**

**No. 04–41420.
Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided Aug. 17, 2005.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Paula Camille Offenhauser, James Lee Turner, Assistant U.S. Attorneys, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Elmer Enrique Marquez–Flores appeals his sentence imposed following his guilty plea to illegal reentry after deportation. He was sentenced to 33 months of imprisonment and two years of supervised release. He argues that, in light of *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), his sentence is invalid because the district court applied the Sentencing Guidelines as if they were mandatory. We review for plain error. *United States v. Mares,* 402 F.3d 511, 513, 520–22 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517); *United States v. Valenzuela–Quevedo,* 407 F.3d 728, 732 (5th Cir.2005), *petition for cert. filed* (July 25, 2005) (No. 05–5556).

Marquez–Flores is unable to establish plain error with regard to his *Booker* claim because he cannot establish that being sentenced under a mandatory Guidelines scheme affected his substantial rights. The record does not indicate that the district court "would have reached a significantly different result" under a sentencing scheme in which the Guidelines were advisory only. *See Mares,* 402 F.3d at 520–22; *Valenzuela–Quevedo,* 407 F.3d at 733–34.

Marquez–Flores also asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(a) and (b) are unconstitutional. He acknowledges that his argument is foreclosed, but he seeks to preserve the issue for possible Supreme Court review in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This issue is foreclosed. *See Almendarez–Torres v. United States,* 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

944

Accordingly, the judgment of the district court is AFFIRMED.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.